# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2009

Charles R. Fulbruge III
Clerk

No. 06-41338
Summary Calendar

THOMAS WAYNE FLORENCE

Plaintiff-Appellant

v.

CHRISTINA MELTON CRAIN; BRAD LIVINGSTON, Executive Director; KEITH CLENDENNEN, Director, Texas Department of Criminal Justice-Institutional Division, Grievance Procedure; ARMANDO AYALA, Coordinator, Texas Department of Criminal Justice, Disciplinary Procedures; DIANA TORRES, Corrections Officer; ET AL

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:06-CV-45

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Thomas Wayne Florence, Texas prisoner # 654322, moves to proceed in forma pauperis (IFP) to appeal the dismissal of his 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The district court denied Florence leave to proceed IFP on appeal, certifying that the appeal is not taken

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in good faith. By moving for leave to proceed IFP, Florence is challenging that certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Our inquiry into Florence's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks omitted). We review a § 1915 dismissal as frivolous for an abuse of discretion. *See Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).

Florence argues that he was denied his First Amendment right to access to the courts. His argument fails, however, because he does not challenge the district court's correct finding that he had not established that he was prevented from filing a claim in a court. *See Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). He also has abandoned any challenge to the district court's determination that his retaliation claim had been raised in another action. *See Brinkmann*, 813 F.2d at 748. Florence has not sufficiently briefed his assertion that the district court was biased. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Florence's arguments that his due process rights were violated in connection with his disciplinary hearing fail because the punishment he received, a reduction in line classification status, does not trigger due process protections. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Florence's claim that his constitutional rights were violated in connection with the processing of his grievances seeking to overturn his disciplinary conviction is similarly unavailing. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).; *see also Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-38 (1977) (Burger, J., concurring).

Florence has not shown that the district court's determination, that his appeal is frivolous, is incorrect. Accordingly, his request for IFP status is denied.

*See Baugh*, 117 F.3d at 202 n.24.  All other outstanding motions in this case are also denied.  Because the appeal is frivolous, it is dismissed. 5TH CIR. R. 42.2.

The district court's dismissal of the complaint and this court's dismissal of the appeal count as strikes for purposes of § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Florence has at least two previous strikes.  *See Florence v. Deel*, 252 F. App'x 697, 697-98 (5th Cir. 2007). Because he has accumulated three strikes, Florence is now barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury."  § 1915(g).

IFP MOTION, ALL OUTSTANDING MOTIONS DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.